UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SANDERS LAMONT ADAMS,

                                                 Plaintiff,          9:02-CV-0853
          v.                                                   (LEK)(DRH)

ELIOT SPITZER; GLENN S. GOORD; N. DIBIAS;
R. DOLING; S. ROWE; L. GINTER; M. STORM; P.
KITCHNER; R. MICKEL; DONALD SELSKY; C.O.
PORLIER; C.O. COLEMAN,

                                             Defendants.

---

APPEARANCES

SANDERS LAMONT ADAMS
93-A-7902
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-500
Plaintiff *pro se*

LAWRENCE E. KAHN, U.S. DISTRICT JUDGE

**ORDER**

      On June 27, 2002, Sanders Lamont Adams ("plaintiff" or "Adams") filed a civil rights complaint, together with an application to proceed *in forma pauperis*.[1]  Dkt. Nos. 1, 2.  By Order of this Court filed July 16, 2002, Adams was granted permission to proceed *in forma pauperis* and was directed to file an amended complaint.  Dkt. No. 4.  Defendants thereafter filed a motion to dismiss Adams' amended complaint, arguing that Adams should not be permitted to proceed *in forma pauperis* because he had garnered three or more strikes pursuant to 28 U.S.C. 1915(g).  Dkt. No. 29.  By Decision and Order filed September 30, 2003, the Court accepted and adopted the Report and Recommendation issued by

---

    [1] Plaintiff is an experienced litigator, having filed twenty-one (21) actions in this Court as of May 12, 2004, including nineteen (19) petitions for a Writ of Habeas Corpus.  Plaintiff has filed multiple actions in other New York district courts as well.  *See Adams v. Spitzer, et al.*, No. 9:02-CV-853 (TJM/DRH) at Dkt. No. 36.

Magistrate Judge David R. Homer, and vacated the Court's prior Order that granted Adams permission to proceed *in forma pauperis*. Dkt. No. 40. Adams was directed to pay the $150.00 filing fee if he wanted to avoid dismissal of this action. *Id.*

Plaintiff filed a motion for reconsideration of the September 30, 2003 Order. Dkt. No. 41. By Order of this Court dated April 5, 2004, plaintiff's motion for reconsideration was denied, and plaintiff was again directed to pay the $150.00 filing fee if he wished to avoid dismissal of this action. Dkt. No. 43. On May 6, 2004, plaintiff filed *another* motion, this time seeking reconsideration of the April 5, 2004 Order denying plaintiff's prior motion for reconsideration. Dkt. No. 44. On July 28, 2004 the Court denied plaintiff's May 6, 2004 motion for reconsideration and again directed plaintiff to pay the filing fee. Dkt. No. 48. On September 1, 2004, the Court entered judgment for the defendants due to plaintiff's failure to pay the filing fee. Dkt. No. 49. Plaintiff filed a notice of appeal with the Second Circuit. Dkt. No. 50. That appeal is now pending.

On January 26, 2005, plaintiff filed a motion "to set aside the final order(s) and for reconsideration of the final judgment."[2] Dkt. No. 53. Defendants have filed a response in opposition to plaintiff's motion. Dkt. No. 55.

Plaintiff's motion is rambling and largely unintelligible, and does not set forth any basis upon which reconsideration of the dismissal, or any other relief with respect to the dismissal, could be granted. Rather, Adams states that he seeks an "extension of time to appeal in forma pauperis," a stay of all pending administrative and state court proceedings, and injunctive relief. Dkt. No. 53. Adams does not offer support or explanation as to why

---

[2] Adams has filed fifteen (15) motions to vacate or motions for reconsideration, in fourteen (14) different cases, in this District between December 9, 2004 and March 23, 2005.

he is entitled to the relief he seeks.

In light of Adams' *pro se* status, the Court has reviewed his motion to determine if he has established any of the factors that would permit the Court to grant his motion as either a motion to reconsider or a motion to vacate, and finds that he has not.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).  Adams has not established any of the above three factors relative to his request for reconsideration.[3]  Since Adams sets forth no meritorious basis for reconsidering any Order issued by this Court relative to Adams' complaint, Adams' motion for reconsideration is denied.

As noted, Adams' motion might also be construed as a motion to vacate.  Rule 60(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") sets forth the following six grounds upon which relief from judgment can be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In deciding a Rule 60(b) motion, "a court must balance the policy in favor of hearing a

---

[3]  The local rules require that such a motion be "served not later than **TEN CALENDAR** days after the entry of the challenged .... order." Local Rule 7.1(g).  Thus, if plaintiff's submission is deemed a motion for reconsideration, it is untimely.

3

litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987). Moreover, Rule 60(b) motions are left to the sound discretion of the district judge. *See* Fed.R.Civ.P. Rule 60(b).

The Court finds that Adams has not established any of the above factors in his motion. Additionally, Adams has included nothing in his present submissions to suggest that the dismissal of this action was in any way erroneous. Since Adams sets forth no credible basis for vacating the September 1, 2004 judgment, his motion must be denied.

Litigants are not permitted to file successive motions concerning issues which have already been adjudicated by the Court. *See*, *e.g.*, *Muina v. H.P.D.*, No. 91-CV-4154, 1995 WL 521037 (S.D.N.Y. September 1, 1995) (successive motions for reconsideration are an abuse of process); *Jamison v. Travis*, No. 96-CV-0116 (N.D.N.Y. Aug. 25, 1997) (Hurd, M.J.) (plaintiff's renewed motion to compel denied as an abuse of process). Adams is cautioned that successive motions for reconsideration or to vacate the judgment of dismissal will not be countenanced by the Court, and may result in the imposition of sanctions.

WHEREFORE, it is hereby

ORDERED, that Adams' motion (Dkt. No. 53) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on Adams by regular mail.

IT IS SO ORDERED.

Dated: April 20, 2005
      Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge